07-80172.06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80172-CIV-COOKE/BROWN

ROYAL INDEMNITY COMPANY,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Summary Judgment...(D.E. 77), filed November 5, 2007. The Court has considered the motion, the response, the reply, and all pertinent materials in the file. In addition a hearing was held on January 15, 2008, and argument of counsel considered.

The motion addresses defendant's affirmative defenses 6 & 7. The question at issue is: in a "bad faith" case brought by an excess carrier against a primary carrier, where the excess carrier has an assignment of rights from the insured, are the defenses of "comparative bad faith" and/or "comparative negligence" available to the primary carrier. In what appears to be a case of first impression, this Court answers that question in the negative.

In considering Florida law on the subject, which the parties agree is controlling, no Court has ever permitted these defenses. Courts in Florida and around the nation have rejected these defenses. See, e.g., <u>Nationwide Property & Casualty Insurance Company</u>

1

v. King, 568 So. 2d 990 (Fla. 4th DCA 1990); Kransco v. American Empire Surplus Lines, 23 Cal. App. 4th 390, 410-1 (Cal. App. 2 Dist. 2000); In re Tutu Water Wells Contamination Litigation, 78 F. Supp. 2d 436, 453-55 (D. V.I.1999); Wailua Aassociates v. Aetna Casualty and Surety Co.,183 F.R.D. 550, 560 (D. Haw. 1998). These cases, however, involve suits brought by an insured against the insurer - not a case brought by an excess carrier.

This Court has not found nor been cited to any cases directly on point. Defendant argues that the defense of "unclean hands" is applicable to equitable claims, but points to no cases permitting this defense in a case like the instant case, where the defense was at issue. Defendant seeks support from the case of Lexington Insurance Company v. Royal Insurance Company of America, 886 F. Supp. 837 (N.D. Fla. 1995). The case does involve a bad faith claim brought by an excess carrier against a primary carrier and the doctrine of unclean hands. However, the propriety of allowing that defense was not at issue in that case.

Plaintiff has cited some of the many cases standing for the proposition that it "stands in the shoes of the insured" etc. (see cases cited generally at Motion p. 10). In addition, plaintiff clearly has an assignment of rights executed by the insured.[1] This can only enhance the "similarity between the insured and the plaintiff" herein. Certainly it cannot be said that the mere act of assigning a contract causes the assignor to have less rights than the assignee - in the absence of some language in the contract to that effect. See, e.g., State v. Family Bank of Hallandale, 667 So. 2d 257, 259 (Fla. 1st DCA 1995).

---

[1] There is nothing in this record to raise any factual question about the efficacy of the assignment.

2

Thus the Court concludes that to whatever extent equitable defenses might be available in a subrogation case, the presence of the assignment eliminates them.

Finally, even if there was a basis for allowing these defenses, they are predicated on the claim that Black & Veatch was an insured under the plaintiff's excess policy ... a claim not admitted nor adjudicated to date. This is a necessary prerequisite to bringing a bad faith claim against the plaintiff even if one were allowable. See, e.g., Vanguard Fire and Casualty Company v. Golmon, 955 So. 2d 591, 594 (Fla. 1st DCA 2006); Vest v. Travelers Insurance Company, 753 So. 2d 1270, 1276 (Fla. 2000).

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**. Affirmative defenses 6 and 7 are hereby **STRICKEN** from the record.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Marcia G. Cooke
Counsel of record