07-80172.oi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80172-CIV-COOKE/BROWN

**THIS IS A CONSENT CASE**

ROYAL INDEMNITY COMPANY,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING IMPROPER COVERAGE DECISIONS

**THIS CAUSE** is before the Court on defendant Liberty Mutual's Motion *In Limine* to Exclude Evidence of or Arguments Regarding Improper Coverage Decisions ..., filed April 7, 2008 [DE 135]. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

This is the first of several orders to be issued on the numerous motions in limine filed by both parties. To the extent applicable, the "introductory" paragraphs herein are re-incorporated by reference in the orders to follow.

Both parties have abused the use of the motion in limine. That is meant as a small rather than large criticism, as both parties have litigated this case (and over-litigated this case) fiercely and, at times cleverly. Though at least some of the creative filings have been rejected by the Court, there is a difference between clever and

1

frivolous...and, obviously, clever is better.  In general, the Court respects and admires the efforts of the parties regardless of their ultimate success.

Both parties have over-expanded what a motion in limine consists of.  It is a motion to restrict or eliminate <u>evidence</u> (emphasis added).  As Black's Law Dictionary (1999) tells us, a motion in limine is "[A] pretrial request that certain inadmissible evidence not be referred to or offered at trial".  It is not a substitute for a motion for summary judgment.  See e.g. <u>Tuttle v. Tyco Electronics Installation Services, Inc.</u>, 2008 WL 343178 (S.D. Ohio).  They are inappropriate for resolving substantive issues (such as whether the insured's acquiescence to acts of the insurer are admissible as a defense to the bad faith claim).  See e.g. <u>Witness Systems, Inc. v. Nice Systems, Inc.</u>, 2008 WL 2047633 (N.D. Ga.); <u>Mavrinac v. Emergency Medicine Association of Pittsburgh (EMAP)</u>, 2007 WL 2908007(W.D. Pa.); <u>Ullman v. Auto-Owners Mutual Insurance Co.</u>, 2007 WL 3125306 (S.D. Ohio).  In addition, a motion in limine is not the mechanism by which we address or narrow the issues to be tried.  See <u>Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.</u>, 652 F. Supp. 1400, 1401 (D. Md. 1987).  Nor is it the means of testing issues of law.  See <u>Natural Resources Defense Council v. Rodgers</u>, 2005 WL 1388671 (E.D. Cal.).

Turning now to the instant motion, the Court finds the motion is not in compliance with local Rule 7.1.A, in that no law has been cited for the relief sought...and this means the specific relief related to the possible coverage decisions, not the general law applicable to a motion *in limine*.

This motion essentially seeks a ruling from the Court that as a matter of law, the timing of any of the coverage investigations/actions of Liberty is irrelevant if...in 2008,

2

the Court determines that their coverage decision is correct...even though they may have done no investigation during the 2004-2006, or the wrong investigation. There is absolutely no law cited to support this claim. Therefore, the Court cannot say as a matter of law that timing is irrelevant. Even if it could, that would be essentially entering a partial motion for summary judgment via a motion in limine.

Therefore is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of June, 2008.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of record