07-80172.oj

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-80172-CIV-COOKE/BROWN

**THIS IS A CONSENT CASE**

ROYAL INDEMNITY COMPANY,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION *IN LIMINE* REGARDING
ADJUSTER CONFLICT OF INTEREST**

**THIS CAUSE** is before the Court on defendant Liberty Mutual's Motion *In Limine* Regarding Adjuster Conflict of Interest, filed April 7, 2008 [DE 138]. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

This is really a motion for partial summary judgment on a specific issue. Despite counsel's best and most creative efforts, no law is cited that supports defendant's position. Counsel resorts to a state Court case in California...presumably decided under California law - which may or may not be the same as Florida, and which, in any case, is easily factually distinguishable. However, even that case raises a question regarding the instant case. The Court stated (defendant's own cited quote) "[T]hat the adjuster can under particular fact situations become also the agent of the insured is clear, and this most usually will occur when no issue as to coverage arises...". State Farm Fire and

1

Casualty v. Superior Court (Durant), 216 Cal. App. 3d, 1222, 1226-7 (Cal. App. 1989). The coverage issues in that case were completely different from those in the instant case. Defendant then attempts to equate a quote from a doctrine allegedly supporting its position that addresses the issues of coverage and liability to our situation which involves two separate insureds. Stretching even further, defendant "finds implicit support" (page 5 of the motion) in the Florida Adjuster Code of Ethics which provides that an adjuster should treat all claimants equally - which, according to defendant - implies that one adjuster can adjust multiple claims. While the Court has no problem with that argument, it completely ignores the obvious differences in relationships between adjusters/claimants, and adjusters and their own insureds.

It is axiomatic that the burden in this motion lies with the defendant. This burden has not been met.

Therefore is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of record